# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

KELVIN DEWAYNE JOHNSON,

    Plaintiff,

v.                                                Case No. 2:24-cv-2990-MSN-tmp

CREDIT ACCEPTANCE CORPORATION,

    Defendant.

## ORDER ADOPTING MOST OF THE REPORT AND RECOMMENDATION AND STAYING AND ADMINISTRATIVELY CLOSING MATTER PENDING ARBITRATION

Before the Court is the Chief Magistrate Judge's Report and Recommendation (ECF No. 11, "Report") entered March 18, 2025. The Report recommends that Defendant Credit Acceptance Corporation's ("Credit Acceptance") Motion to Compel Arbitration and Stay Case (ECF No. 7, "Motion") be granted and that Plaintiff's Complaint be dismissed without prejudice.

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de*

*novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION & CONCLUSION

The Chief Magistrate Judge entered the Report on March 18, 2025. The Report explained that written objections to the Report could be filed within 14 days after a party was served with a copy of the Report and also warned that failure to file objections within 14 days may constitute a waiver and/or forfeiture of objections, exceptions, and further appeal. To date, no objections have been filed and the deadline for doing so has expired.

The Court has reviewed the Report and agrees with its conclusion that the parties are required to arbitrate the claims in this matter. The Court, however, finds that staying the matter is required in accordance with *Smith v. Spizzirri*, 601 U.S. 472 (2024). In its Motion, Defendant requested that the Court stay this matter. In *Spizzirri*, the Supreme Court held that "[w]hen a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." 601 U.S. at 475. Because the Court has found that the claims here are subject to arbitration and a party, Defendant, has requested a stay, the Court must stay the matter. Therefore, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation (ECF No. 11) except for the recommendation to dismiss the matter without prejudice. Instead of dismissing the matter without prejudice, the matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the outcome of arbitration. The parties are **ORDERED** to file a report <u>every 90 days</u> to update the Court regarding the status of the requisite arbitration.

**IT IS SO ORDERED**, this 7th day of April, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE
